UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AISHA SPRINGS, | Case No. 1:18-cv-463 |
| Plaintiff, | |
| | Barrett, J. |
| vs. | Bowman, M.J. |
| STATE OF OHIO, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against the Hamilton County Juvenile Court. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable

1

basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint asserts that "the State of Ohio has labeled me Black, African American United States Citizen which I rebut." (Doc. 1 at 3). "I rebut the fact that the State of Ohio ha[s] permission to label me and my (progeny) children false labels." *Id*. Plaintiff's complaint seeks to have the records corrected and notes that the labels "are derogatory and enforce slavery." For relief, Plaintiff's asks that the status of herself and her children be corrected.

Plaintiff's complaint is subject to dismissal. The sole defendant named in the complaint is the State of Ohio. Any form of relief sought against a State in federal court is barred under the Eleventh Amendment unless the State has waived its sovereign immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie*

*Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). Therefore, Plaintiff's complaint against the State of Ohio should be dismissed.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

     *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AISHA SPRINGS,

    Plaintiff,

vs.

STATE OF OHIO,

    Defendants.

Case No. 1:18-cv-463

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5